SALVADOR QUINONEZ,    )
             )
     **Petitioner,**   )
             )
**vs.**           )    <u>**ORDER**</u>
             )
**JULIAN PRIEST,**     )
             )
     **Respondent.**  )
_____)

**THIS MATTER** is before the Court upon initial review of Salvador Quinonez's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)

## I. BACKGROUND

Petitioner is a prisoner of the state of North Carolina who was found guilty on September 19, 2013 by a Mecklenburg County Superior Court jury of one count of trafficking in methamphetamine by transport.  State v. Quinonez, 775 S.E.2d 36, at *1-2 (N.C. Ct. App.) (unpublished), disc. review denied, 775 S.E.2d 871 (N.C. 2015) (Mem.).  He was sentenced to 225 to 279 months imprisonment.  Id. at *2.

Petitioner appealed, and on June 2, 2015, the North Carolina Court of Appeals filed an unpublished decision finding no error.  Id. at *1.  The North Carolina Supreme Court denied Petitioner's petition for discretionary review on August 20, 2015.  State v. Quinonez, 775 S.E.2d 871 (N.C. 2015) (Mem.)  Petitioner filed the instant habeas Petition on March 17, 2016 when he signed and placed it in the prison mail system.  (Pet. 25, Doc. No. 1.)

## II. THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

### A.  Exhaustion

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254. The statute requires that before seeking habeas corpus relief, a petitioner first must exhaust his state court remedies. § 2254(b)(1)(A). To meet the exhaustion requirement, a petitioner must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In other words, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition." Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001) (en banc). To fairly present the claim, a petitioner must present to the state courts "both the operative facts and the controlling legal principles" associated with each claim. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citation omitted).

**B. Mixed Petitions**

In Rose v. Lundy, the Supreme Court held that federal district courts may not adjudicate habeas petitions containing both exhausted and unexhausted claims. 455 U.S. 509 (1982). Accordingly, federal courts that received a "mixed" habeas petition were required to dismiss the entire petition without prejudice and allow the petitioner to return to state court to present the unexhausted claims to that court in the first instance. See id. at 522.

AEDPA maintained Lundy's "total exhaustion" requirement, see § 2254(b)(1)(A), but also imposed a one year statute of limitations on the filing of federal petitions, § 2244(d). Although the clock stops on the limitations period while a "properly filed application for State post-conviction or other collateral review" is pending, § 2244(d)(2), the same is not true while a petition for habeas corpus is pending in federal court, see Duncan v. Walker, 533 U.S. 167, 181-182 (2001). As a result, petitioners who file "mixed" petitions in federal court run the risk of

losing their opportunity for any federal review of their unexhausted claims.

In <u>Rhines v. Weber</u>, the Court addressed a post-AEDPA situation in which the petitioner filed a "mixed" habeas petition in federal district court. 544 U.S. 269 (2005). Had the district court dismissed the petition because it contained unexhausted claims, AEDPA's one-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court. <u>Id.</u> at 275. The <u>Rhines</u> Court held that when a district court is presented with a habeas petition containing both exhausted and unexhausted claims, it may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." <u>Id.</u> at 275-76. Such a stay and abeyance is appropriate only where a petitioner shows: (1) "good cause for his failure to exhaust"; (2) "his unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Id.</u> at 278.

## III.    DISCUSSION

The instant habeas petition raises both exhausted and unexhausted claims. Grounds One and Two were raised on direct review. (Pet. 7-12, Doc. No. 1.) Grounds III-V have not been raised in any state court. (Pet., <u>supra</u>, at 22.)

Applying the above law, the Court notes that there is no indication Petitioner was precluded from exhausting all of his claims, and the only reason Petitioner offers for failing to exhaust Grounds III-V is that "appellate counsel did not recognize" the significance of the issues. (Pet., <u>supra</u>, at 15, 16, 19.) It may be that Petitioner is unaware of his right to seek post-conviction relief in the state courts by way of a motion for appropriate relief ("MAR") pursuant to N.C. Gen. Stat. § 15A-1420. Regardless, ignorance of the law generally is not sufficient to

constitute "good cause" in the habeas context. See United States v. Cowley, 814 F.3d 691, 699 (4th Cir. 2016) (citing United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004) (holding that a habeas limitations period should not be equitably tolled on the grounds that a prisoner is unrepresented and ignorant of the law)).

Moreover, the Court is unable to determine whether Petitioner's unexhausted claims are plainly meritless, and Petitioner has time remaining in his one-year limitations period. Petitioner's judgment of conviction became final on or about November 18, 2015, ninety (90) days after the North Carolina Supreme Court denied Petitioner's petition for discretionary review, and Petitioner's time for filing a petition for writ of certiorari in the United State Supreme Court expired. See § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 525 (2003). Thus, Petitioner's one-year statute of limitations will not expire earlier than November 18, 2016.

Therefore, the Court will dismiss the petition without prejudice. Petitioner may pursue his unexhausted claims in North Carolina's courts and, if necessary, in this Court thereafter. Assuming Petitioner returns to the Mecklenburg County Superior Court with a properly filed MAR, see N.C. Gen. Stat. § 15A-1420, before the end of his limitations period, his one-year limitations clock will stop running while he pursues state collateral review. At the conclusion of that collateral review, Petitioner's clock will resume running. However, to the extent that Petitioner would like to abandon his unexhausted claims, and have the Court rule on his exhausted claims now, he may file an appropriate post-judgment motion stating his desire to abandon his unexhausted claims.

## IV.  ORDER

**IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No, 1) is **DISMISSED** without prejudice, so that Petitioner may pursue his unexhausted claims in the state courts. Petitioner is placed on notice that the clock on his limitations period is running;

2. In the event Petitioner wishes to abandon his unexhausted claims rather than attempt to exhaust them in the state courts, he may inform the Court of that desire through a motion for relief from judgment in accordance with the Federal Rule of Civil Procedure 60(b);

3. The Clerk shall send a copy of this Order to Petitioner by certified mail return receipt requested; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that his petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: September 20, 2016

Frank D. Whitney
Chief United States District Judge